AO 440 (Rev. 12/09) Summons in a Civil Action

**FILED**

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

2011 JUL 22 P 1: 32

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| Capital One Financial Corporation <br><br> *Plaintiff* <br> v. <br> John A. Kanas and John Bohlsen <br><br> *Defendant* | ) ) ) ) ) ) ) ) ) Civil Action No. 1:11CV750 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* John Bohlsen
135 The Helm
East Islip, New York 11730

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Jason C. Schwartz
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**FERNANDO GALINDO, CLERK**

*CLERK OF COURT*

Date: 7/14/11

_____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
------------------------------------------------------------------X
CAPITAL ONE FINANCIAL CORPORATION,

                                    Case No. 1:11-CV-0750

                  Plaintiff(s),
  -against-


JOHN A. KANAS and JOHN BOHLSEN,          **AFFIDAVIT OF SERVICE**

                  Defendant(s).
------------------------------------------------------------------X
STATE OF NEW YORK   )
                          s.s :
COUNTY OF NEW YORK  )

    JOSEPH SANCHEZ, being duly sworn, deposes and says that he is an agent of CAPITOL PROCESS SERVICES, is over the age of eighteen years and is not a party to the action.

    That on the 15th day of July, 2011, at approximately 1:53 p.m., deponent attempted to serve a true copy of the **Summons and Complaint** upon John Bohlsen c/o Bank United at 445 Broadhollow Road, Melville, New York 11747 but was told that he was not in the office.

    That on the 15th day of July, 2011, at approximately 2:27 p.m., deponent attempted to serve a true copy of the **Summons and Complaint** upon John Bohlsen at 135 The Helm, East Islip, New York 11730. This address is in a gated community. The guard at the entrance to the gated community called the Bohlsen residence but said that he did not receive an answer.

    That on the 15th day of July, 2011, at approximately 3:15 p.m., deponent attempted to serve a true copy of the **Summons and Complaint** upon John Bohlsen at 135 The Helm, East Islip, New York 11730. The guard at the entrance to the gated community called the Bohlsen residence but said that he did not receive an answer.

    That on the 15th day of July, 2011, at approximately 10:10 p.m., deponent attempted to serve a true copy of the **Summons and Complaint** upon John Bohlsen at 135 The Helm, East Islip, New York 11730. The guard at the entrance to the gated community refused to call the Bohlsen residence.

(1)

That on the 16th day of July, 2011, at approximately 12:38 p.m., deponent served a true copy of the **Summons and Complaint** upon John Bohlsen at 135 The Helm, East Islip, New York 11730 by personally delivering and leaving the same with "John Doe", who is a person of suitable age and discretion, at that address, the actual place of residence of the defendant. I asked the security guard to call the Bohlsen residence saying I had a delivery for John Bohlsen. The security guard called the Bohlsen residence. He spoke to one of the occupants and advised him/her that someone was there with a delivery for Mr. Bohlsen. The guard then asked what kind of delivery. At that point I identified myself as a process server and said that I had legal papers to deliver to John Bohlsen. The security guard relayed the message (over the phone) and then told me that he was directed to refuse me entrance to the property. As such I left the documents with "John Doe", security guard at the entrance to the community - the point at which my progress was arrested.

"John Doe" is a white male, approximately 50 years of age, is approximately 5 feet and 9 inches to 6 feet tall, weighs approximately 240 pounds, with short brown hair and brown eyes.

That on the 18th day of July, 2011, in accordance with the New York State Civil Practice Law and Rules, Section 308, and the Federal Rules of Civil Procedure, Rule 4(e)(1), copies of which are annexed, deponent served another copy of the foregoing upon the defendant by enclosing a true copy thereof in a securely sealed and postpaid wrapper with the words "PERSONAL and CONFIDENTIAL" written on the same, and not indicating on the outside that it is from an attorney, or concerns a legal matter, and depositing the same into an official depository maintained by the Government of the United States, City and State of New York, addressed as follows:

**John Bohlsen**
**135 The Helm**
**East Islip, New York 11730**

Sworn to before me this
21st day of July, 2011

JOSEPH SANCHEZ #1155200

Capitol Process Services, Inc.
1827 18th Street, NW
Washington, DC 20009
(202) 667-0050

MICHAEL J. KEATING
**NOTARY PUBLIC, STATE OF NEW YORK**
**Reg. No. 01-KE-4851559**
**Qualified in New York County**
**Commission expires February 3, 2014**

(2)

### § 308. Personal service upon a natural person.

Personal service upon a natural person shall be made by any of the following methods:

1. by delivering the summons within the state to the person to be served; or

2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to

an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

6. For purposes of this section, "actual place of business" shall include any location that the defendant, through regular solicitation or advertisement, has held out as its place of business.

**Amended** by L. 1970, Ch. 852, eff. Sept. 1, 1970; L. 1971, Ch. 176, eff. Sept. 1, 1971; L. 1974, Ch. 765, eff. July 7, 1974; L. 1977, Ch. 344, eff. Jan 1, 1978; L. 1986, Ch. 77, eff. Jan. 1, 1987, which repealed an undesignated paragraph following paragraph 5; L. 1987, Ch. 115, eff. July 15, 1987; L. 1988, Ch. 125, eff. Jan. 1, 1989, which amended subds. 2 and 4; L. 1994, ch. 131, eff. January 1, 1995, which added subdivision (6).

## CROSS REFERENCES

**DRL § 232**, referred to in subds. (2), (3) and (4) *supra*, appears in the Miscellaneous Practice Statutes section of this volume, *infra*.

## *ANNOTATIONS*

**Actual place of business:** although the invoices of the defendant-respondent, an attending physician at the defendant-hospital, specified two business addresses, including an office at the hospital in room 847, service made upon a hospital administrator at the administration office on the fourteenth floor was improper, as that was not the defendant-respondent's actual place of business. West v. Doctor's Hosp., 198 A.D.2d 92, 603 N.Y.S.2d 842 (1st Dept. 1993).

**Affidavits of process server constitute sufficient proof that there had been proper service:** the trial court properly denied defendants' motion to vacate a default judgment entered against them for lack of jurisdiction; affidavits of the process server constituted prima facie evidence of proper service, and defendants' assertion that they never received process was insufficient to dispute those

**Substituted service:**

—**Co-defendants: two copies of summons necessary:** the Court of Appeals has held that when two defendants are named and one person of suitable age and discretion is served on behalf of both, two copies of the summons must be served on that one person. Otherwise the servee, believing that only one defendant is being served through him, may deliver the summons to the one and fail to advise the other. Raschel v. Rish, 69 N.Y.2d 694, 512 N.Y.S.2d 22, 504 N.E.2d 389 (1986).

—**Doorman of apartment building:** the Court of Appeals has held that, in at least some circumstances, an apartment house doorman may be a "person of suitable age and discretion at the actual . . . dwelling place" of a tenant in an apartment house, to whom a summons may properly be delivered for the purpose of alternative service under CPLR 308(2). However, not every doorman is necessarily a suitable person to whom delivery may be made. The doorman must be a responsible communicator. A regular apartment house doorman fulfills this role: he screens callers, announces visitors and accepts messages and packages for delivery to the tenants. It was also held that delivery of the summons in the lobby constituted delivery "at the actual dwelling place" of the defendant. If the process server is not permitted to proceed to the actual dwelling place by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested. The Court stated that service would probably be valid if, as a matter of practice, the doorman was under instructions not to admit callers without the consent of the tenants. In this case, there was a specific finding that the defendant instructed the doorman not to admit the process server. F.I. Du Pont, Glore Forgan & Co. v. Chen, 41 N.Y.2d 794, 396 N.Y.S.2d 343, 364 N.E.2d 1115 (1977), citing **Weinstein, Korn and Miller.**

—**"Due diligence" established:** three attempts to serve the defendant at his home, at different hours of the day, sufficiently established "due diligence," permitting the use of substituted service, since no rigid rule exists defining when "due diligence" has been exercised and when the use of substituted service is permitted. Hochhauser v. Bungeroth, 179 A.D.2d 431, 578 N.Y.S.2d 170 (1st Dept. 1992)*Accord* Johnson v. Waters, 291 A.D.2d 481, 738 N.Y.S.2d 369 (2d Dept. 2002).

—**Mere "mailing" is not an "authorized manner":** in an action seeking partition of real property, plaintiffs failed to properly prove substituted service, such as would entitle them to relief upon defendant's default, where they did not show that process was mailed by first-class mail, in an envelope marked personal and confidential, and that the envelope did not reveal its contents involved a lawsuit. James v. Brandt, 144 Misc. 2d 190, 543 N.Y.S.2d 876 (Sup. Ct. Bronx Co. 1989).

(D) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;

(E) state the date when the request is sent;

(F) give the defendant a reasonable time of at least 30 days after the request was sent—or at least 60 days if sent to the defendant outside any judicial district of the United States—to return the waiver; and

(G) be sent by first-class mail or other reliable means.

(2) *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

(A) the expenses later incurred in making service; and

(B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

(3) *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States.

(4) *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

(5) *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

(e) **Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

(f) **Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

(g) **Serving a Minor or an Incompetent Person.** A minor or an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3).

(h) **Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or