IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Capital One Financial Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>John A. Kanas and John Bohlsen,<br><br>　　　　　Defendants. | Civil Action No. 1:11-cv-750 (LO/TRJ) |

## JOINT DISCOVERY PLAN

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel of record for Plaintiff Capital One Financial Corporation ("Capital One"), Defendant John A. Kanas, and Defendant John Bohlsen have conferred and hereby respectfully submit the following Joint Discovery Plan.

**A.　What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The parties agree to be bound by the requirements of Rule 26(a)(1) of the Federal Rules of Civil Procedure governing initial disclosures. The parties further agree that initial disclosures shall be made by October 21, 2011.

**B.　The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Discovery is needed on all of the subjects raised in Capital One's First Amended Complaint and Defendants' Answer including, but not limited to, the banking activities of Capital One and BankUnited in the New York, New Jersey, and Connecticut markets, the roles of Defendants Kanas and Bohlsen in connection with those activities, the meaning and intent of

the Non-Competition Covenant that is part of the separation agreements between Plaintiff and each Defendant, and facts related to Defendants' affirmative defenses.  Among other things, Capital One alleges that Defendants Kanas and Bohlsen breached their obligations (1) by serving as officers, directors, shareholders, and investors of BankUnited, Inc.; acquiring and renegotiating mortgage assets and engaging in restaurant lending in New York, New Jersey, and Connecticut; and being personally involved in these banking activities (First Am. Compl. ¶¶ 42–47, 52–55); (2) by planning and acting to open BankUnited branches in New York (First Am. Compl. ¶ 50); (3) with respect to Defendant Kanas, by making an unsolicited, pre-auction bid for Bank of Ireland's New York commercial banking portfolio on behalf of BankUnited, Inc. (First Am. Compl. ¶ 49); and (4) by planning and negotiating BankUnited, Inc.'s acquisition of Herald National Bank, a federally chartered National Bank with branches in New York (First Am. Compl. ¶¶ 56–64).  The First Amended Complaint also alleges that after the Herald National Bank acquisition closes, Defendants Kanas and Bohlsen will be in further breach of their non-compete obligations because they will be officers, directors, shareholders, and investors of an entity that owns a New York institution offering commercial and consumer banking products in New York in competition with Capital One.  First Am. Compl. ¶ 80.

       Kanas and Bohlsen contend that they have at all times complied with their obligations under the Non-Competition Covenant with Capital One.  Answer to the Am. Compl. ¶ 1, Dkt. Entry 11 ("Answer").  Defendants assert that they are expressly permitted under the Non-Competition Covenant to be associated with a business, a portion of which is engaged in a competitive business in the New York, New Jersey, and Connecticut markets, provided they are not personally providing services to that portion of the business.  BankUnited has publicly announced plans to open branches in New York after Kanas's and Bohlsen's non-compete

obligations expire in August 2012.  Defendants contend that steps taken to prepare to do so do not violate the Non-Competition Covenant.  Defendants assert, moreover, that BankUnited, Inc.'s agreement to acquire Herald National Bank, if approved and closed, provides that Kanas and Bohlsen would not be involved in management of that subsidiary until after their non-compete covenants expire.  Kanas and Bohlsen maintain that "if the Non-Competition Covenant were construed as broadly as Plaintiff wishes, then it would constitute an unreasonable restraint on competition and would be impermissible under applicable law."  Answer ¶ 64.  Defendants assert as affirmative defenses that the Non-Competition Covenant, if "construed and interpreted as broadly as [Capital One] contends it should be," is void as against public policy and imposes impermissible restrictions on BankUnited.  Answer at 19.  Defendants also assert the affirmative defenses of waiver and estoppel, lack of protectable interest, excessive duration, express contract, failure to mitigate, lack of proximate causation, unclean hands, and laches.  Answer at 19–21.

The parties anticipate discovery will relate to the claims and defenses set forth above and to related matters.  By listing these subjects in this Plan, the parties do not intend to limit their ability to obtain other discoverable information or documents on subjects not listed herein or to object to any particular discovery request.  The parties reserve their right to expand their discovery requests to other subjects, though not listed herein, consistent with Rule 26(b)(1) of the Federal Rules of Civil Procedure.

In accordance with the Court's scheduling order, discovery shall be completed by February 10, 2012.  The parties further agree that discovery need not be conducted in phases or be focused on particular issues.

**C.     Issues regarding disclosure or discovery of electronically stored information.**

The parties agree that all electronically stored information ("ESI") in their possession that is responsive to a discovery request shall be produced in electronic form. The parties have discussed and agree in principle to establish an ESI protocol for use in the action that will dictate the production format for ESI, including the production of TIFF images, extracted text files, native files, and load files. The parties agree to arrange a separate meet and confer regarding the exact production formats for use in the action by the parties. Regardless of the ESI protocol, parties may obtain native files of any particular document upon reasonable request. The parties also agree to conduct a rolling production for ESI, based on agreed-upon custodians and search terms. Each side has designated a lead attorney to address ESI issues.

**D.     Issues regarding claims of privilege and trial-preparation materials.**

The parties agree that all documents withheld from production in response to a discovery request on the basis that they are privileged or subject to protection as trial-preparation material shall be listed in a privilege log which shall be produced to opposing counsel at the time of the response to the request, or within a reasonable time thereafter. Pursuant to Rule 26(b)(5), this log must contain sufficient information to enable opposing counsel to assess the claim of privilege.

**E.     Changes to the limitations imposed on discovery.**

The parties agree that discovery shall be governed by the Federal Rules of Civil Procedure and the Local Rules of this Court, including all limitations thereunder. If a party believes that additional depositions beyond the limits set forth in this Court's October 4, 2011 Scheduling Order are required, that party may seek relief from the Court at the appropriate time.

The parties agree that service by electronic mail by 5:00 pm on a business day will be treated as personal service. The receiving party will acknowledge receipt via e-mail.

The parties have agreed to accelerate by one week the expert disclosures as required under the Rules of this Court. The Plaintiff's disclosure of experts will be due on December 5, 2011. The Defendants' disclosure of experts will be due on January 4, 2012. The Plaintiff's disclosures in rebuttal to Defendants' experts will be due on January 19, 2012.

F.      **Other orders from the Court under Rule 26(c), Rule 16(b), or Rule 16(c).**

At this time, neither party requests that the Court issue any additional orders under Rules 16(b) or (c). The parties anticipate agreement upon a stipulated proposed protective order under Rule 26(c) to govern the treatment of private financial, employee, and other proprietary and confidential information produced in discovery. The parties will separately file that proposed order to respectfully request the Court's approval of it.

Dated:  October 21, 2011                                Respectfully submitted,

| /s/ James H. Rodio | /s/ Jason C. Schwartz |
|---|---|
| James H. Rodio, PLC | Orin Snyder, *pro hac vice* |
| Virginia Bar No. 20139 | GIBSON, DUNN & CRUTCHER LLP |
| 2121 Eisenhower Ave., Suite 300 | 200 Park Avenue |
| Alexandria, Virginia 22314 | New York, NY 10166-0193 |
| Telephone: 703 549-2288 | Telephone: 212.351.4000 |
| Facsimile: 703 562-7011 | Fax: 212.351.4035 |
| Email: jimrodio@rodiolaw.com | osnyder@gibsondunn.com |
| | |
| David Boies | Jason C. Schwartz, Va. Bar No. 43635 |
| *Pro hac vice* motion to be filed | Michael Diamant, Va. Bar No. 65404 |
| BOIES SCHILLER & FLEXNER LLP | GIBSON, DUNN & CRUTCHER LLP |
| 333 Main Street | 1050 Connecticut Avenue, N.W. |
| Armonk, New York 10504 | Washington, D.C. 20036 |
| Telephone: 914.749.8200 | Telephone: 202.955.8500 |
| Facsimile: 914.749.8300 | Fax: 202.467.0539 |
| Email: dboies@bsfllp.com | jschwartz@gibsondunn.com |
| | mdiamant@gibsondunn.com |

Stuart H. Singer
*Pro hac vice*
BOIES SCHILLER & FLEXNER LLP
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
Facsimile: 954.356.0022
Email: ssinger@bsfllp.com

Matthew W. Fredrich
*Pro hac vice*
David Ellis
Virginia Bar No. 74860
BOIES SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. N.W.
Washington D.C. 20015
Telephone: 202.274.1113
Facsimile: 202.237.6131
Email: mfriedrich@bsfllp.com

*Attorneys for Defendants John A. Kanas and John Bohlsen*

James A. Murphy, Va. Bar No. 35380
MURPHY & McGONIGLE
4870 Sadler Road, Suite 301
Glen Allen, VA  23060
Telephone: 804.762.5330
Fax: 804.762.5360
jmurphy@mmlawus.com

*Attorneys for Capital One Financial Corporation*

6