**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

CAPITAL ONE FINANCIAL            )
CORPORATION,                     )
                                 )
         Plaintiff,              )
                                 )        Civil No. 1:11 CV 750 (LO/TRJ)
         v.                      )
JOHN A KANAS and                 )
JOHN BOHLSEN,                    )
                                 )
         Defendants.            )
_____ )

**AMENDED OPPOSITION TO PLAINTIFF CAPITAL ONE FINANCIAL
CORPORATION'S MOTION TO COMPEL INTERROGATORY RESPONSES**

Defendants John Kanas and John Bohlsen respectfully submit this Opposition to Plaintiff

Capital One Financial Corporation's ("Capital One") Motion to Compel a further response to

Interrogatory Responses, dated February 17, 2012 and related Memorandum in Support

("Motion").

**INTRODUCTION**

Capital One's Motion seeks to compel the Defendants to provide the names of certain of

BankUnited's customers in the form of an answer to an interrogatory to the two individual

defendants.  Defendants' opposition to this motion is fully justified, for the following reasons:

First, the information in controversy is not relevant, or even arguably so.  Although one

would not know it from reading Capital One's Motion, BankUnited has agreed to provide

specific to-the-dollar information on the number and aggregate secured by real property value of

loans involving any customers in New York, New Jersey or Connecticut ("Tri-state Area"), the

number and aggregate value of  any deposits for customers with a connection to the Tri-state

Area, based on accounts where the primary address was in New York, New Jersey or

Connecticut, and the number and aggregate value of any loans made by BankUnited, Inc.'s indirect subsidiary, United Capital Business Lending ("United Capital"), to borrowers within the Tri-state Area.  BankUnited also will identify each of the customers and accounts with a connection to the Tri-state Area, based on primary address, with which it has made any loans or accepted any deposits after the time, in May 2009, when Defendants Kanas and Bohlsen began an association with BankUnited.   The information at issue here – the identity of borrowers and depositors of the old BankUnited, FSB, whose loans and deposits were acquired from the FDIC ("Legacy Loans and Deposits"), or borrowers whose loans were packaged in mortgage pools and sold to BankUnited on the secondary market ("Secondary Market Loans") – cannot be relevant to this lawsuit because those were banking relationships created by banks and other financial institutions with whom Defendants had no involvement whatsoever.

Second, the customer names requested is not the personal information of Defendants John Kanas and John Bohlsen.  Such information would have to be drawn from the banking records of BankUnited, and even the chairman and vice-chairman of BankUnited are not free to disclose that information in defense of personal litigation.  Capital One knows this – as they served multiple subpoenas duces tecum on BankUnited and its subsidiaries for voluminous documents.

Third, both Defendants have consistently and timely objected to providing the customer-specific information at issue.  While there has been discussion of the form and manner in which BankUnited would provide aggregate information, there never has been any time at which BankUnited agreed to provide names of customers on Legacy Loans or Deposits bought from the FDIC or in Secondary Market loans.  Nor is such information needed by Capital One to respond to requests to identify lost customers – a loan made by the predecessor entity, BankUnited FSB,

before Kanas and Bohlsen are even associated with that BankUnited can hardly be a "lost customer" even if, by coincidence, the borrower also has or had a banking relationship with Capital One.

Although this Motion concerns a single interrogatory answer, it is important to put that in the context of the voluminous discovery Defendants and BankUnited has provided. Although this Court expressly made no finding of "foot-dragging" by Defendants at the January 6th hearing, Defendants –and BankUnited – in the aftermath of that hearing made exhaustive efforts to provide Capital One with the discovery it sought, even when it was of marginal relevance. Thus, BankUnited agreed to produce documents whose only relevance to the case was a reference to New York, New Jersey or Connecticut (and not excluded by certain other search terms) – and has produced a total of over 500,000 pages of documents in this case over a non-compete contract provision. Defendants and BankUnited have provided deposition dates for each witness Capital One has requested, including certain third parties. BankUnited has agreed to provide a deposition witness for each of the over twenty-five 30(b)(6) deposition topics Capital One has requested, notwithstanding objections to many such topics. Indeed, the letter providing detailed quantification of the number and dollar value of loans or deposits with a connection to the Tri-state area was served not as a response to Interrogatory Number 11 on Defendants, but in connection with certain of these deposition topics on which such information was responsive, and at which depositions of BankUnited officials, the accuracy of the information could be verified.

Further, in a final effort to resolve this issue – not mentioned at all in Capital One's papers, BankUnited offered to provide identifying information for customers on any of these Legacy Loans and Deposits or Secondary Market Loans with whom BankUnited did subsequent

business.  Capital One rejected this offer, preferring instead to bring this groundless motion to

compel.  Capital One, rather than litigating the case on the facts – on which it has a losing case

because the non-compete agreement does not and legally could not restrict Defendants from

having an association with a bank just because that bank has loans or deposits with Tri-state

customers – has sought to make this straight-forward lawsuit as complex and burdensome as

possible.  This Court should not countenance that effort.

**ARGUMENT**

A.   **The Sole Issue in Dispute in Capital One's Motion is Identification of Names of
     BankUnited Customers Which Were Acquired Before Kanas and Bohlsen Even
     Were Associated With BankUnited or in Secondary Loan Pools**

BankUnited has disclosed to Capital One with respect to loans and deposit accounts that

touch on the Tri-state area:  (i) the number of loans BankUnited acquired from the FDIC, as

Receiver of BankUnited FSB ("the Legacy Loans"); (ii) the aggregate balance of the Legacy

Loans secured by real property; (iii) the aggregate number and balance of the Legacy Loans

secured by real property related to the Tristate Area; (iv) aggregate number and balance of

deposit accounts held by BankUnited where the customer has a primary address in the Tristate

Area; (v) the aggregate number of loans secured by real property acquired by BankUnited on the

secondary loan market ("Secondary Market Loans"); (vi) the aggregate balance of the Secondary

Market Loans; (vii) the aggregate number and balance of the Secondary Market Loans that relate

to the Tri-state Area; (viii) the aggregate number of financing loans made by subsidiary United

Capital; (ix) the aggregate balance of those loans; and (x) the aggregate number and balance of

loans made by United Capital that relate to the Tri-State area. (*See* Declaration of Carlos Sires

("Sires' Decl.") at Ex. 1, February 6, 2012 correspondence from Carlos Sires, Esq. to Howard

Hogan, Esq. addressing Plaintiff's discovery responses.

4

The sole issue in this Motion – although one would be hard-pressed to identify it amidst Capital One's rhetoric – is Capital One's request that Kanas and Bohlsen supplement an answer to a single interrogatory with the name of the customer of each of BankUnited's "legacy" loans and depository accounts or which were part of loan pools bought by BankUnited on the secondary mortgage market.

The term "Legacy Loans and Deposits" is apt: it refers to loans that were acquired from the Federal Deposit Insurance Corporation ("FDIC") in the transaction that led to the formation of what is now BankUnited. Specifically, in May 2009, Defendants Kanas and Bohlsen were part of an investor group that formed BankUnited, Inc. to purchase certain assets and assume certain liabilities of BankUnited, FSB, a Florida-based federal savings bank that had failed and which was in receivership, from the FDIC. These FDIC assets included 41,467 loans with an aggregate value of approximately $9,859,068,300. Of this total, 2,021 loans, with an approximate aggregate value of $785,638,900, or 8% of the total amount had some connection with New York, New Jersey or Connecticut. *Id*. at Ex. 1.

Defendants contend that the existence of these Legacy Loans in BankUnited's portfolio is not a violation of Defendants' non-compete agreements with Capital One and that it would be unlawful to interpret the non-compete provisions in such a broad and anti-competitive fashion that association with a Florida bank with any loans or deposits from Tri-state customers would constitute a violation. Capital One recognized as much in not objecting when Kanas and Bohlsen acquired in May 2009 the assets of BankUnited, FSB, and loans secured by real property are a matter of public record.[1] Capital One filed suit in June 2011 because of the

---

[1] Indeed, although it does not inform the Court, Capital One can identify BankUnited's mortgage loan customers in the Tri-State Area through public databases since mortgages

5

planned acquisition of Herald National Bank and in a blatantly anti-competitive effort to slow down BankUnited's planned move to open New York branches in August 2012 when Kanas and Bohlsen's non-compete agreements would expire.

Nonetheless, to the extent that Capital One wishes to pursue the argument over the Legacy Loans and Deposits or Secondary Market loans within mortgage pools made and packaged by other banks, BankUnited and Defendants have provided to-the-dollar information as to the number and aggregate amount of such loans. While Capital One complains that this is presently in the form of an "unsworn letter," they very well know that this was provided in advance of the 30(b)(6) depositions of BankUnited which are upcoming, at which time such figures may be fully verified, confirmed, or questioned.

The thousands of names of the Legacy Loan and Deposit customers, and the borrowers in Secondary Market Loans are not relevant and nothing in Capital One's Motion establishes such relevance. Because these Legacy Loans and Deposits were made by the old BankUnited FSB, with which Kanas and Bohlsen had no association, and then acquired from the FDIC, the identity of the borrowers and deposits cannot possibly be relevant. Even if certain of these borrowers or depositors are also Capital One customers, that is a meaningless coincidence because the old BankUnited who made the Legacy Loans and took the Legacy Deposits, and the other banks around the country who made the loans put into the secondary mortgage pools obviously made

---

are public records. In fact, Capital One has actually accessed that information. See Sires' Decl. at Ex. 2 (Plaintiff Capital One Financial Corporation's First Amended Responses to Defendants' First Set of Interrogatories dated January 23, 2012 at No. 9 & 10.)

no use of any customer relationships or confidential information possessed by John Kanas and John Bohlsen.[2]

In its Motion, Capital One argues the information is relevant to (a) respond to Defendants' demand that Capital One identify lost customers as part of their damage claim; and (b) because the names "could establish that Defendants specifically targeted BankUnited because of its strong connections to the Tristate Area or its connections to former North Fork customers." (Motion at 16).  Both of these are contrived and illogical. Kanas and Bohlsen could not "take business" from Capital One through loans made or deposits accepted by banks with whom they had no association.  Capital One is free at deposition to explore their fanciful theory that Kanas and Bohlsen "specifically targeted BankUnited" and Capital One has been given the number of Legacy Loans and Deposits with a connection to the Tri-State area; the names of the individual borrowers and depositors for such loans are totally irrelevant to the issue.

Capital One is pursuing this burdensome discovery not because it is relevant, but because it is burdensome and disruptive and they believe that this Court can be misled into finding that BankUnited and Defendants have not been forthcoming with discovery.  Proof of that is Capital One peremptorily rejecting during a meet-and-confer discussion an offer extended to resolve this issue by BankUnited identifying the names of any of the customers in question who did any further business with BankUnited *after* Kanas and Bohlsen became Chairman and Vice Chairman of the new BankUnited in May 2009.  Capital One's refusal shows they are simply

---

[2] [REDACTED]; Sires' Decl. at Ex. 3 (Transcript excerpts from the deposition of Linda Carter (Pike) dated January 26, 2012).

looking to make discovery as burdensome as possible for Defendants, and perhaps thereby to slowdown BankUnited's appetite to open Tri-state banking branches in the fall.[3]

Accordingly, the Motion to Compel should be denied because the requested information is not relevant.  A litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party.  *See* FED. R. CIV. P. 26(c).  In response to an interrogatory, a party must furnish information reasonably available to it, but "no party may be compelled to do the interrogating party's investigation for him, nor will he be required to answer questions concerning privileged matter or questions that are unduly burdensome."  *Olmert v. Nelson*, 60 F.R.D. 369, 370 (D.D.C. 1973); Wright and Miller, Federal Practice and Procedure § 2174.  Additionally, the rules are not to be construed as to allow a plaintiff to engage in a fishing expedition.  *See, e.g.*, *H-P-M Dev. Corp v. Watson-Stillman Co*, 71 F. Supp. 906, 914 (D.N.J. 1947) (denying Plaintiff's motion to compel production of evidence, and stating "there has evolved the frequent repeated legal holding that roving and fishing expeditions into an adversary's files will not be permitted").  With respect to customer lists, courts have been careful to protect the interests of parties' confidential information.  *See Ikon Office Solutions, Inc. v. Konica Minolta Bus. Solutions, U.S.A., Inc.*, 3:08-CV-539-RLV-DCK, 2009 WL 4429156 at *5 (W.D.N.C. Nov. 25, 2009) ("Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information, especially where a party might use the information to gain a competitive advantage.").  Parties have a legitimate interest in protecting the confidentiality of customer information and lists because of fears of predatory or harassing

---

[3] This is reflected as well in the further interrogatory by Capital One, not yet ripe or part of this motion, that for each of these thousands of loans and deposits, Defendants should identify the loan officer who initiated the transaction or is currently servicing the loan, along with other information.

practices. *Drexel Heritage Furnishings, Inc. v. Furniture U.S.S.A., Inc.,* 200 F.R.D. 255, 259

fn.7 (M.D.N.C. 2001). Thus, "courts must exercise discretion to avoid unnecessary disclosures

of such information." *Ikon Office Solutions*, 2007 WL 4429156 at *5 (quoting *Dura Global

Technologies, Inc. v. Magna Donnelly, Corp.,* 2007 WL 4303294, 2 (E.D. Mich. 2007).

Courts have found that one way to ensure that a party is not forced to "do the

interrogating party's investigation for him" is to only order discovery with regard those

customers that were previously customers of the interrogating party. *Nalco Chem. Co. v. Hydro

Technologies, Inc.*, 149 F.R.D. 686, 697 (E.D. Wis. 1993) (defining "Customers," for purposes

of the interrogatory in question, as those customers of Defendant's that were previously

Plaintiff's customers); *Olmert v. Nelson*, 60 F.R.D. 369, 370 (D.D.C. 1973).

## B.  If Relevant, the Names of Bank Customers Must be Obtained from BankUnited, Not From the Individual Defendants

Even if the names of the customers on these Legacy Loans and Deposits and Secondary

Market Loans were relevant, that is obviously information that must be obtained from

BankUnited, and not from an interrogatory directed at the individual defendants. Even though

Kanas and Bohlsen are the two most senior officers of BankUnited they cannot simply disclose

in personal litigation the identities of the customers of the bank for which they work.

There is a strong legal requirement in protecting consumers' private financial

information. *Marks v. Global Mortgage Group, Inc.*, 218 F.R.D. 492, 497 (S.D.W. Va. 2003).

The Graham-Leach-Bliley Act provides that, subject to exceptions, "a financial institution may

not, *directly or through any affiliate*, disclose to a nonaffiliated third party any nonpublic

personal information . . . ." 15 U.S.C. § 6802 (a) (emphasis added). The statute does contain an

exception to comply with "judicial process." 15 U.S.C. § 6802 (e)(8); *Marks*, 218 F.R.D. at 495.

However, there is no support for the idea that the exception applies to individual employees or

officers of the institution, as opposed to proper judicial process directed to the institution itself. *Marks*, 218 F.R.D. at 495 (finding that "15 U.S.C. § 6802(e)(8) permits a *financial institution* to disclose the non-public personal financial information of its customers to comply with a discovery request" and noting that Wachovia qualified as a financial institution (emphasis added)); *Loef v. First Am. Title Ins. Co.*, 2:08-CV-311-GZS, 2012 WL 95305 (D. Me. Jan. 11, 2012) (allowing discovery because a valid subpoena was served on financial institution).  The generalized cases with respect to responses to interrogatories on the basis of accessible information, cited by Capital One,  does not allow two individual officers, even the senior-most officers, of a banking institution, to disclose the identity of bank customers in private litigation.

Here, Capital One has recognized relevant BankUnited information must be pursued by discovery directed at BankUnited.  That is why Capital One  served ten subpoenas duces tecum on BankUnited rather than just arguing that a request for production to Kanas and Bohlsen would require production of documents from BankUnited, even documents less sensitive than customer-specific information.[4]  BankUnited has responded by producing over 500,000 pages of documents, and will be producing multiple witnesses for deposition on mutually-agreed upon dates to be deposed as representatives of BankUnited under Rule 30(b)(6).  Certain of the topics requested by Capital One,[5] relate to loans and other accounts with respect to customers in the Tri-state area.  In *advance* of those depositions, and in a fruitless effort to avoid this motion practice, Defendants and BankUnited informed Capital One of the number and aggregate dollar amounts of loan and deposits, including the Legacy Loans and Deposits and Secondary Market Loans, and also including the loans made by United Capital, an indirect subsidiary of

---

[4] While certain information such as mortgages are in the public record, names of depositors and loans not secured by mortgages or UCC filings in the public record are private.

[5] [Capital One 30(b)(6) notice].

BankUnited (which was also subjected to a subpoena duces tecum, along with approximately

half a dozen of that subsidiary's customers).  Furthermore, BankUnited has agreed to undertake

the considerable work in producing a spreadsheet with the names of any Tri-state Area customers

who opened loans or deposit accounts with BankUnited or United Capital *after* the time

Defendants had any relationship with BankUnited.

Thus, the information at issue in this Motion not only is not relevant, but if relevant it

must be pursued through discovery – like other discovery Capital One has pursued – from

BankUnited. Marks Decl.

### C.    Defendants Have Properly Responded to the Discovery At Issue

While not spending much time defending the relevancy or propriety of their request for the

customer names in issue, Capital One expends a great deal  of rhetorical energy in arguing that

Defendant Bohlsen has waived his rights to object, and that, more generally, Defendants have

"sought to frustrate and delay discovery at every turn."  (Motion at 1.)  Both of these are totally

false accusations – and can only raise questions about why Capital One is seeking to litigate the

case through such accusations, rather than on the facts and the law.

First, Capital One completely misstates the facts surrounding the timeliness of John

Bohlsen's objection to the sole Interrogatory at issue.

On October 21, 2011, both Defendants objected to Capital One's interrogatory seeking a list of

"all BankUnited loans, accounts, mortgages, or other products" provided to customers that

"operate in New York, New Jersey, or Connecticut" as follows:

> Defendant objects on burdensomeness grounds except to extent this calls for a
> general answer with respect to role of Defendant to any such activities.
> Defendant also objects on grounds that further details are more appropriately
> identified by deposition, and that the request for a list of loans, mortgages or other
> products is more properly responded to by production of responsive documents by
> subpoena Capital One has issued to BankUnited and is not information within the

11

personal knowledge of Defendant.  In addition, Defendant objects to providing confidential and proprietary information absent the parties agreeing to, and the Court adopting, a stipulation for the protection against disclosure of confidential, proprietary, or trade secret information.

Sires' Decl. at Exs. 4-5 (Kanas' Objections to Plaintiff's First Set of Interrogatories); and

Bohlsen's Amended Objections to Plaintiff's First Set of Interrogatories).  Defendants have

maintained this objection without equivocation for the last four months.

Capital One's Motion states that "[a]lthough Bohlsen served objections within fifteen

days as required by this Court's local rules, he did not object to this interrogatory."  Motion at 13

n.3.  This statement is demonstrably false.  On October 21, 2011, Defendants' counsel served

Defendants' objections to Capital One's First Set of Interrogatories via e-mail.  Sires' Decl. at

Ex. 6 (10/21/11 email serving objections).  Shortly after that e-mail was sent, Defendants'

counsel realized that Defendant Bohlsen's objections inadvertently omitted an objection to this

Interrogatory.  Later that **same day**, and less than four hours after the original e-mail, Defendants

served an amended version of Mr. Bohlsen's objections that contained the exact same objection

to Interrogatory No. 9 as the one included for Defendant Kanas in response to Interrogatory No.

11.  *Id*. at Ex. 6 (10/21/11 email serving Bohlsen's amended objections).  As Defendant Bohlsen

served his objection to this interrogatory on the day objections were due under Local Rule 26(C),

Capital One's argument of waiver is entirely baseless.

In fact, the misstatement in Capital One's Motion set forth above is contradicted by

opposing counsel's own words.  On November 4, 2011, Capital One's counsel sent a letter

regarding Defendants' objections to Capital One's discovery requests which stated:

"Interrogatory No. 9:  Mr. Bohlsen objects to this interrogatory, which seeks information

regarding BankUnited banking products offered to customers operating in the Tristate Area, as

burdensome." *See* Sires' Decl. Ex. 7 at 9 (November 4, 2011 letter from M. Diamant to S. Singer).

Nor did either Defendant subsequently agree to produce names of the customers in question.  *See* Sires' Decl. Ex. 8 (November 14, 2011 letter to C. Sires from M. Diamant).  After the Agreed Protective Order was entered, Defendants' initial responses indicated two interrogatories each that Defendants would supplement once the protective order was in place. Specifically, Defendants' responses to Interrogatory Nos. 6 and 7 stated, respectively, that "[a] further response will be provided once the Agreed Protective Order is entered" and "a response will be provided once the Agreed Protective Order is entered."  *See* Sires' Decl. Ex. 9-10 (Kanas and Bohlsen Responses dated November 4, 2011).  No such response was included for Interrogatory No. 11.  *Id.*  Defendants served supplemental responses for Interrogatory Nos. 6 and 7 on January 13, 2012. No motion to compel was filed at this time either.

On January 11, 2012, Defense counsel wrote letters identifying severe deficiencies in Capital One's responses to Defendants' first set of interrogatories.  Sires' Decl. at Ex. 11 (1/11/12 letter from C. Sires to Hogan).  Specifically, Defendants identified deficiencies in 14 out of the 18 responses provided by Capital One.  Shortly thereafter, on January 16, 2012, Plaintiff's counsel sent a similar letter identifying 9 interrogatory responses that Capital One took issue with, including Interrogatory No. 11.  The parties agreed that Capital One would serve supplemental interrogatory responses on January 23, 2012, and that Defendants would provide supplemental interrogatory responses on January 31, 2012.

Defendants served their supplemental interrogatory responses and responded to Interrogatory No. 11 as follows:

> Because the requested information relates to and belongs to BankUnited and not to Defendant personally, Defendant is not in a position to respond on his personal

knowledge.  In order to expedite discovery, BankUnited has agreed to provide
Capital One information concerning the loans, accounts and mortgages it knows
to have some point of contact with New York, New Jersey, and Connecticut.  It
will provide that information no later than February 6.  BankUnited will designate
a person to testify as to this information as part of its forthcoming Rule 30(b)(6)
deposition.

Sires' Decl. at Exs. 12-13 (2/2/12 Supplemental Responses from Kanas and Bohlsen).

On February 6, 2012, Defense counsel sent a letter to Capital One's counsel setting forth

"information provided by BankUnited concerning its loans, mortgages, and accounts that may

have some connection to New York, New Jersey, and Connecticut."  Sires Decl. Ex. _A_ (2/6

letter from Sires to Hogan. See Ex. A.

On February 6, 2012, Capital One sent a letter to Defendants stating that the information

described above was insufficient and insisting on customer-level detail for every BankUnited

loan, customer or product relating to the Tristate area.  On February 13, 2012, Defendants

advised Capital One as follows:

BankUnited will provide (i) the customer name and loan balance for each loan
made by BankUnited that is secured by a mortgage on property in New York,
New Jersey, and Connecticut; and (ii) the customer name and account balance for
each depository account established by BankUnited with respect to which the
customer is designated as having a primary address in New York, New Jersey, or
Connecticut.  To be clear, BankUnited does not agree to provide customer-level
information for legacy loans, legacy depository accounts, or secondary market
loans.  Because BankUnited was not involved in making those loans or
establishing those accounts, customer-level information is not relevant to Capital
One's claims in this action.

Sires' Decl. Ex. 1.  Capital One will receive this information on Thursday, February 23,

2012.

In addition to the discovery discussed above, BankUnited has produced 59,062

responsive documents, constituting 523,303 pages.  These documents include many of the

customer details that Capital One contends BankUnited is withholding from it.  BankUnited has

14

also designated or agreed to designate several employees to serve as 30(b)(6) witnesses to

provide sworn testimony of the topics identified by Capital One, including

- Your ongoing business and any dealings in the New York, New Jersey, and Connecticut markets, including specific types of loans, services, and products, and all revenues or profits generated by BankUnited business and customers in New York, New Jersey, and Connecticut.

- The business activities of United Capital Business Lending in New York, New Jersey, and Connecticut.

- All outstanding collateral BankUnited holds as security for loans in the New York, New Jersey, and Connecticut markets.

- Defendants' business dealings in the New York, New Jersey and Connecticut markets on [BankUnited's] behalf.

The parties have also engaged in extensive discussions, including two in-person meetings over

fact stipulations, which have produced to date approximately fifty stipulated facts.  This hardly is

the record of Defendants "seeking to frustrate and delay discovery."  Defendants' opposition to

this one area of customer specific information is justified, is an issue Capital One could have

pursued long ago, and the Court should reject Capital One's efforts to impugn Defendants'

actions and motives.

## **CONCLUSION**

Based on the foregoing reasons, BankUnited respectfully requests that the Court deny

Capital One's Motion to Compel Interrogatory Responses, and deny Capital One's request for

attorneys' fees and costs,


Dated: February 22, 2012


By:  _____/s/ James H. Rodio_____

David Boies
*Pro hac vice*

15

BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: 914.749.8200
Fax: 914.749.8300
Email: dboies@bsfllp.com


Stuart H. Singer
*Pro hac vice*
Carlos Sires
*Pro hac vice*
BOIES SCHILLER & FLEXNER LLP
401 E. Las. Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
Fax.: 954.356.0022
Email: ssinger@bsfllp.com

Matthew W. Friedrich
*Pro hac vice*
David Ellis
Virginia Bar No.: 74860
BOIES SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. N.W.
Washington D.C. 20015
Telephone: 202.274.1113
Fax: 202.237.6131
Email: mfriedrich@bsfllp.com

James H. Rodio
James H. Rodio, PLC
Virginia Bar No. 20139
2121 Eisenhower Ave. Suite 300
Alexandria, Virginia 22314
Phone:          703-549-2288
Facsimile:      703-562-7011
Email: jimrodio@rodiolaw.com

*Attorneys for Defendants, John A. Kanas
and John Bohlsen*

16

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this 22nd  day of February, 2012 I electronically filed the foregoing Opposition to Plaintiff Capital One Financial Corporation's Motion To Compel Interrogatory Responses with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jason Craig Schwartz
Gibson Dunn & Crutcher LLP
1050 Connecticut Ave NW
Washington, DC  20036-5306
jschwartz@gibsondunn.com

Michael S. Diamant
Gibson Dunn & Crutcher LLP
1050 Connecticut Ave NW
Washington, DC  20036-5306
mdiamant@gibsondunn.com

James A. Murphy
Murphy & McGonigle
4870 Sadler Road, Suite 301
Glen Allen, VA 23060
jmurphy@mmlawus.com

/s/ James H. Rodio
James H. Rodio
James H. Rodio, PLC
Attorney for John A Kanas and
John Bohlsen
Virginia Bar No. 20139
2121 Eisenhower Ave. Suite 300
Alexandria, Virginia 22314
Phone:      703 549-2288
Facsimile:  703 562-7011
Email: jimrodio@rodiolaw.com

17