IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Capital One Financial Corporation, <br><br> Plaintiff, <br><br> v. <br><br> John A. Kanas and John Bohlsen, <br><br> Defendants. | Civil Action No. 1:11-cv-750 (LO/TRJ) |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF CAPITAL ONE FINANCIAL CORPORATION'S MOTION TO COMPEL INTERROGATORY RESPONSES**

Plaintiff Capital One Financial Corporation ("Capital One") respectfully submits this reply in support of its motion to compel interrogatory responses.

**INTRODUCTION**

The opposition brief submitted by Defendants John A. Kanas and John Bohlsen confirms that Defendants are continuing their hide-the-ball approach to discovery. Rather than litigate this case fairly on the merits, Defendants continue to withhold critical information about their violations of the non-compete agreements at issue in this case, and continue to hide behind the bank they control, BankUnited—using it as a sword to unlawfully compete with Capital One in the marketplace and as a shield to withhold critical information in discovery about Defendants' competitive activities. This is not the first time that Defendants have attempted to ride roughshod over the basic rules of discovery. *See* Plt.'s Mot. to Extend Discovery, Dkt. Entry No. 22. The Court should put an end to Defendants' misconduct.

More specifically, Defendants' opposition papers provide no valid basis for refusing to give a meaningful response to Capital One's Interrogatory No. 11. Through this interrogatory,

Plaintiff seeks information that goes to the heart of its claims: the identity of the customers for whom Defendants are competing in the New York, New Jersey, and Connecticut ("Tristate Area") banking business, in violation of applicable non-compete agreements. Defendants have obstinately refused to provide this relevant information for more than four months—longer than the originally scheduled time period for discovery. At most, Defendants now say that they will provide a limited, self-selected subset of this data at some point today. As of this filing, though, none of this data has been received, even after Capital One was forced to move this Court for an order compelling Defendants to respond. Nor have Defendants verified the data as required by the Federal Rules.

In any event, Defendants' arguments all fail to justify their ongoing refusal to provide and verify the critical information that has been requested.

First, Defendants claim that a large category of BankUnited's Tristate Area customers is not relevant to Capital One's claims. Specifically, Defendants contend that Capital One should not be provided with the identities of any Tristate Area customers of BankUnited that pre-date Defendants' acquisition of the assets of that bank even though those Tristate Area customers were acquired by Defendants in violation of their non-compete agreements and many remain Defendants' customers to this day. Defendants purchased BankUnited in May 2009, but Capital One has now learned in discovery, through a lawyer's letter dated February 6, 2012, that Defendants—through BankUnited—in fact acquired millions of dollars of loans and deposits in the Tristate Area putting Defendants in violation of their non-compete agreements when they acquired BankUnited. Nevertheless, in an effort to prevent Capital One from discovering the full extent of these Tristate Area banking products, Defendants label the accounts that existed at the time of the acquisition as "legacy" and contend that "legacy" accounts are somehow not relevant.

Defendants' argument makes no sense. The non-compete provisions at issue expressly prohibit Defendants from engaging in the "business of acquiring and/or managing" *any* "commercial or consumer banking products . . . in New York, New Jersey, or Connecticut." Am. Compl. Exs. C, D, at Annex B-1 (Dkt. Entry No. 4). Clearly, the identity of Tristate Area customers associated with banking products that Defendants *acquired* when they purchased BankUnited in 2009—and which they continue to *manage* today—is highly relevant, as those customers plainly fall within the four corners of the non-compete. Indeed, Defendants acknowledge the relevance of their Tristate Area customers by agreeing to identify "the customers and accounts with a connection to the Tri-State Area, based on primary address, with which it has made any loans or accepted any deposits after . . . May 2009." Opp'n to Plt.'s Mot. to Compel Interrogatory Responses, Dkt. Entry No. 48, at 2 ("Opp'n"). But it is undisputed that Defendants, through BankUnited, acquired Tristate Area customers and continue to manage accounts and loans for many of these so-called "legacy" customers to this very day, in violation of the non-compete agreements. As a result, Defendants are entitled to the information about all of these customers, not just the smaller subset that Defendants wish to provide.

   Second, Defendants continue in their efforts to avoid their discovery obligations by recycling their argument that the requested customer list belongs to BankUnited. Once again, Defendants seek to hide behind the fact that their bank, BankUnited, is technically a third party to this lawsuit. But Defendants concede, as they must, that they are the most senior executives of this bank (Kanas as its Chairman and Chief Executive Officer and Bohlsen as its Vice Chairman and Chief Lending Officer) and control its activities. *See* Opp'n 9. Defendants thus concede, as they must, that they have available to them—and have acquired for discovery—information from BankUnited concerning the identities of their customers in the Tristate Area *and* the dollar

3

amount of these accounts for use in this lawsuit. This is proof positive that Defendants have access to and the ability to obtain and verify the information sought, which is not surprising considering that BankUnited is the entity through which Defendants compete in the Tristate Area in violation of their agreements. Defendants cannot use BankUnited as a sword in the competitive arena and as a shield when they do not want to provide discovery.

Third, Defendants complain they should not be required to produce and verify customer information because of banking privacy laws. This newly-minted argument is without merit. Even if these laws precluded obtaining this information through lawful court process (and they do not), Defendants cannot explain why they can provide the requested information for some of their customers and not for others. Indeed, they effectively concede that they can provide this information because they know that all this information will be treated as "Highly Confidential" under the Court-approved December 6 Protective Order. Dkt. Entry No. 20. At most, Defendants insist that the privacy laws prevent them from providing BankUnited's customer data on their own behalf. But they do not explain why they cannot simply verify the information provided by BankUnited, as if Defendants have some (unexplained) basis to doubt the reliability of the information being provided by the bank they control. Worse, Defendants provide absolutely no justification for their refusal to answer subsequent straightforward discovery requests about the nature of BankUnited's ongoing involvement with these so-called "legacy" customers, based on the artifice that they themselves provided no answer to Interrogatory No. 11. This gamesmanship cannot stand.

Finally, Defendants attempt to excuse their discovery violations by trying to distract the Court with a recitation of their overall discovery efforts in this matter. But no matter how many documents they have dumped on Plaintiff, they have not provided the critical information about

their Tristate Area customers and clients.  Make no mistake about it: the only reason for the size of Defendants' production is the extensive nature of their activities in the Tristate Area, in violation of their non-compete agreements.

Capital One is entitled to a complete and verified response to its straightforward interrogatory seeking discovery of basic facts relevant to Defendants' Tristate Area competition.  Defendants' stubborn refusal to provide any meaningful, sworn response to Interrogatory No. 11 is indefensible.  This Court should compel Defendants to respond.

## ARGUMENT

**A.    The identity of all of BankUnited's Tristate Area customers is highly relevant to Capital One's claims.**

Interrogatory No. 11 asks Defendants to list BankUnited's Tristate Area loans, accounts, mortgages, and other products, and to list each corresponding customer.  Siler Decl. Ex. A, at 7; *see also* Siler Decl. Ex. B, at 6–7.  Defendants and BankUnited *admit* that the identity of most of BankUnited's Tristate Area customers should be disclosed.  Opp'n, at 1–2.  Yet Defendants and BankUnited refuse to provide customer data for the so-called "legacy" loans and deposit accounts established before May 2009, relying on the faulty justification that Defendants only became involved with BankUnited after those loans were made and accounts established.  *Id.*  Defendants also refuse to provide the identity of BankUnited's Tristate Area loans acquired on the secondary mortgage market, even though these customer relationships were established *during* Defendants' tenure.

Defendants have invented the term "legacy loans" in a transparent effort to sanitize their brazen violation of their Separation Agreements.  The controlling agreements expressly prohibit Defendants from engaging in the "business of *acquiring* and/or managing . . . all commercial and consumer banking products" in the Tristate Area.  Am. Compl. Exs. C, D (emphasis added).

5

Defendants *acquired* the assets of a bank that managed millions of dollars of deposit accounts and loans held by Tristate Area customers. This is a clear-cut violation, and labeling these accounts as "legacy" does not immunize Defendants from liability.

Defendants refuse to provide any response to Interrogatory No. 11, and justify this failure by noting that *BankUnited* has agreed to disclose much of the requested information by an unsworn lawyer's letter. Even BankUnited's most recent offer excludes the 2,021 loans secured by mortgages on real property located in the Tristate Area. It further excludes an unknown number of depository accounts to customers with a primary address in the Tristate Area that Defendants "acquir[ed]," through BankUnited, Inc., from the Federal Deposit Insurance Corporation ("FDIC") in May 2009 and have been "managing" since that date. *See* Siler Decl. Ex. S, at 1. Information about these customers is directly relevant to the issue of breach.

Defendants pretend that these so-called "legacy" customers are not relevant to Capital One's claims. This is absurd. Until Capital One threatened to bring this issue to this Court's attention, Defendants had *never* opposed Interrogatory No. 11 on the grounds that it is overbroad or because it seeks irrelevant information. *See, e.g.*, Siler Decl. Ex. C, at 6; Sires Decl. Ex. 5, at 5–6.[1] This was for good reason. This information is critical to Capital One's case. Without customer-specific data, Capital One is materially limited in its ability to discover—and ultimately prove at trial—the full scope of Defendants' breach. The identity of these customers, moreover, could establish that Defendants specifically targeted BankUnited's assets because of

---

[1] Plaintiff's counsel acknowledges that its assertion that Bohlsen did not timely object to the interrogatory at issue was in error. Bohlsen's initial objections did not include any objections directed at this interrogatory. *See* Siler Decl. Ex. D, at 5. Later that same night, well after close of business but before the time period to object had expired, defense counsel served amended objections on behalf of Bohlsen identical to those asserted by Kanas. *See* Sires Decl. Ex. 6. Plaintiff's counsel apologizes for the error, which does not affect any of the other arguments in Capital One's moving brief.

its strong Tristate Area connections and so-called "legacy" accounts. Defendants conducted significant due diligence before acquiring the assets and liabilities of BankUnited from the FDIC in May 2009 and were aware that the bank had significant Tristate Area customer relationships.

Further, this customer-identity data could show that Defendants acquired the assets of a bank with many former or current Tristate Area Capital One and North Fork customers—giving Defendants a significant head start in expanding those customer relationships in the future and stealing yet more business away from Capital One. The fact that Defendants have an existing business relationship with these customers makes it all the easier for Defendants to market banking services and attempt to steal future business from Capital One in the Tristate Area. Thus, these customers' identities would be relevant to show areas of potential expansion of BankUnited's Tristate Area business.[2]

BankUnited's "legacy" customers could also be relevant to Defendants' credibility. The evidence in this case will show that Defendants assured Capital One in 2009 that BankUnited was "a Florida institution." If Defendants knew through due diligence that they were acquiring substantial loans and accounts of Tristate Area customers—especially Capital One customers—then they knowingly misled Capital One about their intended compliance with their non-competes. This is clearly relevant to Defendants' consciousness of guilt and credibility, and undermines any purported laches argument Defendants might possibly assert. *See* Answer, at 20–21, Dkt. Entry No. 11.

---

[2] Even the cited deposition testimony of Lynn Carter accounts for this possibility when she notes, for example, that BankUnited's pre-existing mortgage notes would not constitute a "proactive activity to grow the business in New York" *only* if BankUnited were not "marketing to those customers for more business." Carter Trans. at 269:16-25, Sires Decl. at Ex. 3.

Tellingly, Defendants' refusal to provide the identities of BankUnited customers that existed at the time of the 2009 acquisition is inconsistent with Defendants' willingness to provide the identities for customers of BankUnited subsidiaries. Defendants and BankUnited have agreed to disclose customer-level information for loans offered by United Capital Business Lending ("United Capital"), a subsidiary that was acquired by BankUnited, Inc. in October 2010, whether or not the customers fall into Defendants' self-serving definition of "legacy." *See* Opp'n at 2. This position is inconsistent with the argument that the identity of a pre-acquisition customer is irrelevant to Capital One's claims and confirms that Defendants' arbitrary line-drawing is not sustainable.

In an obvious attempt to deflect the blame for their clear discovery gamesmanship, Defendants now make the unsupported and stock assertion that Capital One only seeks an answer to Interrogatory No. 11 "not because it is relevant, but because it is burdensome and disruptive." Opp'n 7. This assertion borders on the ridiculous. Capital One seeks to discover evidence in support of its claims against Defendants. BankUnited's customer data clearly meets this end. Defendants provide no support for their bare assertion that Interrogatory No. 11 is unduly burdensome. *See, e.g.*, *Cappetta v. GC Servs. Ltd. P'Ship*, No. 3:08-cv-288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008) ("In order to overcome the liberal construction afforded the federal discovery rules, a party objecting on the grounds that a request is overly burdensome must submit affidavits or other evidence indicating with specificity the nature and extent of the burden."). Moreover, although Defendants contend that compiling the customer information will require time to prepare, "[t]he mere fact that responding to a discovery request will require the objecting party to expend considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object to a

relevant discovery request." *Id.* at *4 (internal quotation marks omitted). This boilerplate objection should be rejected.

Rule 26 requires that Capital One's discovery be "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(3). Interrogatory No. 11 easily meets that standard. Far from a "fishing expedition," Capital One seeks Defendants' compliance with a straightforward interrogatory addressing a core issue in this case.

### B.     Defendants must produce a sworn, verified response to Interrogatory No. 11.

Defendants again argue that Capital One must obtain a response to Interrogatory No. 11 from BankUnited. This is nonsense. A party—whether an individual or a corporate entity—must answer an interrogatory by "furnish[ing] such information as is available to the party." *E.g.*, *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 513 (4th Cir. 1977). Corporate formalities do not play into this inquiry. *See Transcontinental Fertilizer Co. v. Samsung Co., Ltd.*, 108 F.R.D. 650, 653 (E.D. Pa. 1985) (holding that a parent corporation must provide information in the knowledge of its subsidiaries). Along the same lines, the fact that BankUnited is not a party to this action does not absolve Defendants of the obligation to provide information about BankUnited's customers when that information is available to them, as it plainly is here as Defendants are the senior-most executives at BankUnited who control the bank's activities.

In their opposition, Defendants for the first time contend that they cannot produce this information to Capital One in their individual capacities because of prohibitions in the Graham Leach Bliley Act ("GLBA"). But neither of the cases cited supports Defendants' new theory. In *Marks v. Global Mortgage Grp., Inc.*, the district court made clear that the "[GLBA] *permits* a financial institution to disclose the non-public personal financial information of its customers to comply with a discovery request." 218 F.R.D. 492, 496 (S.D.W. Va. 2003) (emphasis

9

added).  The court went on to explain that even if the discovery requests were not an exception under the Act, "the Federal Rules of Civil Procedure govern the disclosure of information protected by [GLBA]," and that disclosure would still be required.  *Id*. at 497.  In *Loef*, the court ruled affirmatively that an authorized subpoena meets the exceptions of GLBA.  The court did not address whether other judicial processes might or might not fall under GLBA's exception.  *Loef v. First Am. Title Ins. Co.*, No. 2:08-cv-311-GZA, 2012 WL 95305, at *1 (D. Me. Jan. 11, 2012).  Neither case in any way addressed whether financial institutions are the only entities that may disclose information protected by the GLBA, and both stand for the proposition that discovery requests trump the nondisclosure provisions of the GLBA.[3]

Most incredibly, Defendants continue to argue that they should not be required to provide customer data because it is sensitive business information.  But as Defendants well know, this Court has already entered an Agreed Protective Order to govern the disclosure and use of confidential information.  Dkt. Entry No. 20.  This Order restricts the number of people to whom Defendants' highly confidential discovery material may be disclosed and the uses to which that material may be put.  *See id.*  The Order falls within the Court's "broad judicial powers in supervising discovery" to control the individuals to whom confidential material may be disclosed.  *See, e.g.*, *Volvo Penta of the Americas, Inc. v. Brunswick Corp.*, 187 F.R.D. 240, 242 (E.D. Va. 1999).  Defendants therefore have no basis to withhold BankUnited's customer data because it is confidential.  *See id.* (noting that a party has "'no absolute privilege for trade secrets

---

[3] In any event, much of the information Capital One seeks is not protected by the GLBA.  The Act protects against disclosure of "nonpublic personal information," which the Act defines as "personally identifiable financial information" provided by or obtained about a "consumer."  15 U.S.C. § 6809(4)(A).  "Consumer" is defined as "an individual who obtains, from a financial institution, financial products or services which are to be used primarily for personal, family, or household purposes."  15 U.S.C. § 6809(9).  Thus, commercial banking customers are not "consumers" under GLBA and their information would not fall under GLBA's nondisclosure provision cited by Defendants.

and similar confidential information'" (quoting *In re Indep. Serv. Org. Antitrust Litig.*, 162 F.R.D. 355, 356 (D. Kan. 1995))). Defendants' argument, moreover, makes no sense in light of the fact that Defendants and BankUnited have agreed to disclose some of their customer information. Defendants even admit that BankUnited has disclosed customer information in response to Capital One's subpoena. Opp'n 10. But if Defendants could not disclose customer identities because they are private or confidential, then BankUnited could not agree to produce the limited information it has agreed to provide.

Defendants continue to rely on BankUnited's technical non-party status to evade discovery obligations. Capital One detailed these shell-game tactics as part of its motion to extend Plaintiff's discovery deadline. *See* Dkt. Entry No. 22. As their response to Interrogatory No. 11 makes clear, Defendants continue to play discovery games and deny Capital One discovery on critical issues in this case. In response to additional interrogatories seeking BankUnited customer information, Defendants have already signaled their intent to continue these discovery shenanigans. *See* Moving Br. 9; Dkt. Entry No. 48, at 8 n.3. Defendants lamely argue that their allegedly "exhaustive efforts to provide Capital One with the discovery it sought" somehow excuses their discovery lapses and protest that the scope of discovery exceeds the typical case over a non-compete contract provision. Dkt. Entry No. 48, at 3. But this is not a typical non-compete case. Capital One paid $13.2 billion acquire the assets (including the goodwill) of Defendants' prior bank, North Fork Bank, and paid many millions more to Kanas and Bohlsen personally in return for their agreement not to compete in the Tristate Area for five years. In this context, Capital One's discovery requests are appropriate and reasonable, and Defendants' discovery obligations are directly proportional to the extent of Defendants' competition with Capital One in violation of their Separation Agreements. If Defendants were

truly running a "Florida bank" as they claim, then there would have been few documents for BankUnited to produce that reflect competition in the Tristate Area.

Capital One ultimately seeks a discovery response that it can use at trial as evidence of Defendants' unlawful competition. *See* Fed. R. Civ. P. 33(c). Whether Defendants disclose this customer data by stipulation or by providing a sworn verification with BankUnited's disclosure of *all* of the requested data, Capital One is entitled to an answer to its valid interrogatory. But the game that Defendants are playing is clear. Indeed, they have already refused to provide additional information about their contacts with these Tristate Area customers for the precise reason that they have refused to respond to Interrogatory No. 11. *See* Siler Decl. Ex. V, at 3; *id.* Ex. W, at 3. This is nothing more than an improper elevation of form over substance as a transparent method of escaping Defendants' discovery obligations.

As detailed in Plaintiff's moving brief, Capital One has expended repeated efforts over the course of the past four months of discovery to obtain a straightforward response to Interrogatory No. 11. *See* Moving Br. at 8–9. Tellingly, Defendants do not dispute this chronology. Defendants, however, still refuse to provide any meaningful response to Interrogatory No. 11. Even if a response by BankUnited were adequate in these circumstances, BankUnited has not, to date, disclosed the identity of a *single one* of its Tristate Area customers. These discovery failures have forced Capital One to seek relief from this Court. This Court should compel Defendants to comply with their discovery obligations and award Capital One reasonable attorneys' fees and costs and any further relief it deems appropriate.[4] *See Anderson v.*

---

[4] Defendants now commit BankUnited to disclosing some of the requested information by February 23. As explained above, BankUnited's belated promise to provide information is an inadequate response to Capital One's interrogatory directed to Defendants. But even if it were a sufficient response, Capital One would still be entitled to reasonable attorneys' fees

*Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998) (affirming default judgment sanction against defendants because they had "stonewalled on discovery from the inception of the lawsuit").

## CONCLUSION

For the reasons set forth above, as well as those set forth in Capital One's Memorandum in Support of Plaintiff's Motion to Compel Interrogatory Responses, Capital One respectfully requests that this Court compel Defendants to provide a complete response to Interrogatory No. 11, award reasonable attorneys' fees and costs, and any further relief this Court deems appropriate.

Respectfully submitted,

Dated: February 23, 2012

/s/ Jason C. Schwartz
Orin Snyder, *pro hac vice*
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
osnyder@gibsondunn.com
Telephone:	212.351.4000
Facsimile:	212.351.4035

Jason C. Schwartz, Va. Bar No. 43635
Howard S. Hogan, *pro hac vice*
Michael S. Diamant, Va. Bar No. 65404
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
jschwartz@gibsondunn.com
hhogan@gibsondunn.com
mdiamant@gibsondunn.com
Telephone:	202.955.8500
Facsimile:	202.467.0539

---

and costs because "the requested discovery" was not provided until "after the motion was filed." *See* Fed. R. Civ. P. 37(a)(5)(A).

        James A. Murphy, Va. Bar No. 35380
        MURPHY & McGONIGLE
        4870 Sadler Road, Suite 301
        Glen Allen, VA  23060
        jmurphy@mmlawus.com
        Telephone:    804.762.5330
        Facsimile:    804.762.5360

        *Attorneys for Plaintiff Capital One Financial Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd of February, 2012, I will electronically file the foregoing with the Clerk of the Court for the Eastern District of Virginia using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James H. Rodio
James H. Rodio PLC
2121 Eisenhower Avenue
Suite 300
Alexandria, VA  22314
jimrodio@rodiolaw.com

/s/ Jason C. Schwartz
Jason C. Schwartz, Va. Bar No. 43635
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
jschwartz@gibsondunn.com
Telephone:	202.955.8500
Facsimile:	202.467.0539