UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CAPITAL ONE FINANCIAL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 1:11 CV 750 (LO/TRJ) ) |
| JOHN A KANAS and JOHN BOHLSEN, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR
MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Defendants John Kanas and John Bohlsen respectfully submit this reply in further support of Defendants' Motion for Leave to File Documents Under Seal ("Motion") and to address Plaintiff Capital One Financial Corporation's ("Capital One") Response to Defendants' Motion for Leave to File Documents Under Seal ("Response"). In support of their motion, Defendants state as follows:

1.  Defendants' Motion sought leave to file the following documents under seal: Exhibits 1, 2, 3, 12, and 13 to the Declaration of Carlos Sires, dated February 22, 2012 ("Sires Declaration").

2.  As discussed in the Response, Capital One has de-designated the material submitted as Exhibit 3 to the Sires Declaration, the transcript excerpts from the deposition of Lynn Carter (Pike) dated January 26, 2012. Therefore, Defendants withdraw their request to file Exhibit 3 under seal.

3. Defendants agree with Capital One's position set forth in the Response regarding Exhibit 2 to the Sires Declaration, Plaintiff Capital One Financial Corporation's First Amended Responses to Defendants First Set of Interrogatories dated January 23, 2012. Specifically, that Exhibit 2 does not need to be filed under seal in its entirety and can instead be replaced by the redacted version that was supplied by Capital One as Exhibit A to the Response.

4. In addition, Defendants maintain that information contained in Exhibits 1, 12 and 13 to the Sires Declaration should remain sealed. Exhibit 1 is the February 6, 2012 correspondence prepared by Carlos Sires, Esq. to Howard Hogan, Esq. and virtually the entire letter discusses sensitive and confidential business information regarding certain loans and accounts held by BankUnited. In addition, Exhibits 12 and 13, Defendants' Supplemental Responses to Plaintiff's First Set of Interrogatories contain sensitive and confidential information regarding Defendants' business interactions with third-parties, employment information, and information regarding BankUnited's future plans for expansion, including identification of specific properties investigated by BankUnited.

5. Defendants believe that the public's interest in this information is outweighed by Defendants' and BankUnited's interest in keeping this sensitive business information confidential. This is particularly true under the circumstances here because the documents were submitted in connection with a discovery motion which is governed by the common law standard, as opposed to a dispositive motion that implicates the more stringent First Amendment standard. *See, e.g., Ohio Valley Environmental Coalition, Inc. v. Apogee Coal Co., LLC*, 2011 WL 322548 (S.D.W. Va. Jan. 31, 2011); *Pagidipati Enterprises, Inc. v. Laboratory Corp. of America Holdings*, 2011 WL 5289725, at *2 (M.D.N.C. Nov. 2, 2011) (citing cases). Moreover, the discovery motion centered on a single interrogatory which was discussed at length in the

parties' publicly-filed submissions. Accordingly, the additional information contained Exhibits 12 and 13 is not relevant to the dispute, decreasing the public interest in such information.

6.  In the alternative, should the Court disagree that Exhibits 12 and 13 should be filed under seal in their entirety, Defendants request that only the redacted versions of Exhibits 12 and 13, attached hereto as Exhibits A and B, be made available to the public.

7.  Based on the foregoing reasons, Defendants respectfully request that the Court grant the Motion and order that Exhibits 1, 12, and 13 to the Sires Declaration remain sealed and that Exhibit 2 to the Sires Declaration be replaced with the redacted version provided as Exhibit A to Capital One's Response.

Dated: February 28, 2012

By:     /s/ James H. Rodio

David Boies
*Pro hac vice*
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: 914.749.8200
Fax: 914.749.8300
Email: dboies@bsfllp.com

Stuart H. Singer
*Pro hac vice*
Carlos Sires
*Pro hac vice*
BOIES SCHILLER & FLEXNER LLP
401 E. Las. Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
Fax.: 954.356.0022
Email: ssinger@bsfllp.com

Matthew W. Friedrich
*Pro hac vice*

        David Ellis
Virginia Bar No.: 74860
BOIES SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. N.W.
Washington D.C. 20015
Telephone: 202.274.1113
Fax: 202.237.6131
Email: mfriedrich@bsfllp.com

James H. Rodio
James H. Rodio, PLC
Virginia Bar No. 20139
2121 Eisenhower Ave. Suite 300
Alexandria, Virginia 22314
Phone:	703-549-2288
Facsimile:	703-562-7011
Email: jimrodio@rodiolaw.com

*Attorneys for Defendants, John A. Kanas and John Bohlsen*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of February, 2012 I electronically filed the foregoing Opposition to Plaintiff Capital One Financial Corporation's Motion To Compel Interrogatory Responses with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Jason Craig Schwartz
Gibson Dunn & Crutcher LLP
1050 Connecticut Ave NW
Washington, DC  20036-5306
jschwartz@gibsondunn.com

Michael S. Diamant
Gibson Dunn & Crutcher LLP
1050 Connecticut Ave NW
Washington, DC  20036-5306
mdiamant@gibsondunn.com

James A. Murphy
Murphy & McGonigle
4870 Sadler Road, Suite 301
Glen Allen, VA 23060
jmurphy@mmlawus.com

/s/ James H. Rodio
James H. Rodio
James H. Rodio, PLC
Virginia Bar No. 20139
2121 Eisenhower Ave. Suite 300
Alexandria, Virginia 22314
Phone:     703 549-2288
Facsimile:  703 562-7011
Email: jimrodio@rodiolaw.com

5