UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION
CIVIL ACTION NO. 1:11-CV-750 (LO/TRJ)

CAPITAL ONE FINANCIAL CORPORATION,

    Plaintiff,

v.

JOHN A. KANAS,

and

JOHN BOHLSEN

    Defendants.

_____/

## DEFENDANT JOHN A. KANAS' SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT JOHN A. KANAS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 26(B) and (C) of the Local Civil Rules of the Eastern District of Virginia, Defendant John A. Kanas ("Defendant") responds to Plaintiff's First Set of Interrogatories Directed, dated October 6, 2011 ("Interrogatories"), as follows:

### GENERAL OBJECTIONS

1. Defendant objects to the Interrogatories to the extent the information sought is protected from discovery by the attorney-client privilege, the work product doctrine, or other applicable privileges or doctrines. Defendant hereby asserts such privileges and protections to the extent implicated by each interrogatory, and will exclude privileged and protected information from his responses to the Interrogatories. Any disclosure of such protected or privileged information is inadvertent, and is not intended to waive those privileges or protections.

2.	Defendant objects to the Interrogatories to the extent that the "Instructions" incorporated therein attempt to impose obligations on Defendant beyond those imposed or authorized by the Federal Rules of Civil Procedure, the Local Civil Rules of the Eastern District of Virginia, the Orders of the Court, or other applicable law.

3.	Defendant objects to the Interrogatories to the extent that they seek disclosure of information that is already in the possession, custody or control of Plaintiff, or seek information that could more readily, conveniently and in a less burdensome fashion be obtained from others or by other means, including deposition discovery or reviewing the documents produced in response to Plaintiff's First Request for Production of Documents Directed to Defendants Kanas and Bohlsen.

4.	Defendant objects to the interrogatories as exceeding the number of 30 interrogatories and subparts permitted under the rules of the Court.

5.	Defendant objects to providing confidential and proprietary information absent the parties agreeing to, and the Court adopting, a stipulation for the protection against disclosure of confidential, proprietary, or trade secret information.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 1:** Describe in detail your role in the BankUnited acquisition of Herald National Bank, including without limitation your contacts and relationships with Herald National and its employees, officers, directors, or agents, any communications between yourself and Herald National employees, officers, directors, or agents, or between yourself and other BankUnited employees, officers, directors, or agents related in any way to the Herald National acquisition, and your role in suggesting, recommending, advising about, securing, negotiating, planning, facilitating, or otherwise pursuing the acquisition.

**Objection:** Defendant objects to this interrogatory on the grounds that the information requested is better obtained through a deposition.

Notwithstanding the objection, Defendant will make a reasonable effort to provide non-privileged information, if any exists, responsive to Interrogatory No. 1.



HIGHLY CONFIDENTIAL



**Interrogatory No. 2:** Describe in detail the reporting structure that will be imposed by BankUnited purportedly to screen you and John Bohlsen from interacting with Herald National until your agreements with Capital One expire.

**Response:** Subject to Defendant's General Objections, Defendant responds as follows: Until the Non-Competition Covenants expire, the following structure will be in place for Herald National, assuming that the acquisition is approved and closed. Herald National will not be merged with but will be held separately from BankUnited as a separate subsidiary of BankUnited, Inc., the parent bank holding company. Neither Defendant nor John Bohlsen will be an officer, director or employee of Herald National. Herald National's management will report to Rajinder Singh, BankUnited's Chief Operating Officer, who will be the senior officer responsible for Herald National and who will report directly to the Board of Directors of BankUnited, Inc. While Defendant will receive written updates as to Herald National in order to be generally informed as a director and officer of BankUnited, Inc., he will not have any decision-making authority concerning, or otherwise participate in the operation of, or provide services to, Herald National until the expiration of his Non-Competition Covenant. Instead, he will recuse himself from matters relating to Herald National that may come before the board of BankUnited, Inc. until that time. Moreover, as a further step to ensure that the operation of Herald National does not violate Defendant's Non-Competition Covenant, BankUnited and Herald National will not engage in any cross-selling or other joint business ventures until the expiration of Defendant's Non-Competition Covenant.

**Interrogatory No. 3:** Describe in detail how you intend to comply with your obligations as President, Chairman, and Chief Executive Officer of BankUnited under the Sarbanes-Oxley Act and the Bank Holding Company Act, including certification requirements, with respect to Herald National once it is acquired by BankUnited.

**Objection:** In addition to Defendant's General Objections, Defendant objects to this interrogatory because it pertains to a matter of law.

**Response:** Subject to the foregoing objections and Defendant's General Objections, Defendant responds as follows: Until the Non-Competition Covenants expire, the following structure will be in place for Herald National, assuming that the acquisition is approved and closed. Herald National will not be merged with but will be held separately from BankUnited as a separate subsidiary of BankUnited, Inc., the parent bank holding company. Neither Defendant nor John Bohlsen will be an officer, director or employee of Herald National. Herald National's management will report to Rajinder Singh, BankUnited's Chief Operating Officer, who will be the senior officer responsible for Herald National and will report directly to the Board of Directors of BankUnited, Inc. Defendant will receive written updates as to Herald National in order to be generally informed as a director and officer of BankUnited, Inc. and to meet his obligations, which, under the Sarbanes-Oxley Act, do not require that Defendant provide services to Herald National or engage in any commercial or consumer banking activity (as those terms are defined in the Separation Agreements) in which Herald National engages. Defendant will not have any decision-making authority concerning, or otherwise participate in the operation of, or provide services to, Herald National until the expiration of his Non-Competition Covenant.

**Interrogatory No. 6:** Identify all employees, officers, directors, or agents of Herald National with whom you have had contact. Describe in detail the nature of these contacts, including the dates of such contacts.

**Objection:** This interrogatory is objectionable unless it is limited to meaningful business discussions relevant to the claims being made by Plaintiff and excludes all other contacts including but not limited to social contact, incidental contact at trade or associational meetings and the like.

Subject to and without waiving the foregoing objections and the General Objections, Defendant will make a reasonable effort to provide non-privileged information, if any exists, responsive to Interrogatory No. 6. In addition, Defendant objects to providing confidential and proprietary information absent the parties agreeing to, and the Court adopting, a stipulation for the protection against disclosure of confidential, proprietary, or trade secret information



HIGHLY CONFIDENTIAL



**Interrogatory No. 7:** Identify all current and former employees, officers, directors, or agents of Capital One with whom you have had contact since May 21, 2009. Describe in detail the nature of these contacts, including the dates of such contacts.

**Objection:** This interrogatory is objectionable unless it is limited to meaningful business discussions relevant to the claims being made by Plaintiff and excludes all other contacts including but not limited to social contact, incidental contact at trade or associational meetings and the like.

Subject to and without waiving the foregoing objections and the General Objections, Defendant will make a reasonable effort to provide non-privileged information, if any exists, responsive to Interrogatory No. 7. In addition, Defendant objects to providing confidential and proprietary information absent the parties agreeing to, and the Court adopting, a stipulation for the protection against disclosure of confidential, proprietary, or trade secret information.



HIGHLY CONFIDENTIAL



**Interrogatory No. 10:** Describe in detail any other efforts by BankUnited to acquire banking assets located in New York, New Jersey, or Connecticut.

**Objection:** The meaning of "banking assets" and the determination of whether they are located in New York, New Jersey or Connecticut is vague and ambiguous. Defendant further objects to the interrogatory because the phrase "efforts by BankUnited to acquire banking assets" is vague and ambiguous.

**Response:** Subject to the foregoing objections and Defendant's General Objections, Defendant responds as follows: Although a deposit account is not a banking "asset," for purposes of this interrogatory only Defendant treats the term "banking assets" to mean loans, accounts, or mortgages. Using that technically inappropriate definition, BankUnited has not made "efforts . . . to acquire banking assets located in New York, New Jersey, or Connecticut." BankUnited has engaged in banking activity from branches located in Florida and United Capital's headquarters in Maryland and in the course of that activity has acquired, among others, the accounts, loans, and mortgages that will be the subject of the information provided by BankUnited, as stated in response to Interrogatory No. 11.

**Interrogatory No. 11:** List all BankUnited loans, accounts, mortgages, or other products, including those of United Capital Business Lending or any other subsidiary or affiliate, provided or offered to customers, including businesses, that operate in New York, New Jersey, or Connecticut, list each corresponding customer, and describe your role with regard to each such loan, account, mortgage, or other product, if any.

**Objection:** Defendant objects on burdensomeness grounds except to extent this calls for a general answer with respect to role of Defendant to any such activities. Defendant also objects on grounds that further details are more appropriately identified by deposition, and that the request for a list of loans, mortgages or other products is more properly responded to by production of responsive documents by subpoena Capital One has issued to BankUnited and is not information within the personal knowledge of Defendant. In addition, Defendant objects to providing confidential and proprietary information absent the parties agreeing to, and the Court adopting, a stipulation for the protection against disclosure of confidential, proprietary, or trade secret information.

**Response:** Because the requested information relates to and belongs to BankUnited and not to Defendant personally, Defendant is not in a position to respond on his personal knowledge. In order to expedite discovery, BankUnited has agreed to provide Capital One information concerning the loans, accounts and mortgages it knows to have some point of contact with New York, New Jersey, and Connecticut. It will provide that information no later than February 6. BankUnited will designate a person to testify as to this information as part of its forthcoming Rule 30(b)(6) deposition.

**Interrogatory No. 16:** Describe in detail all of your plans, efforts, and actions, and those undertaken at your direction by BankUnited or otherwise, to establish BankUnited branches in New York, New Jersey, or Connecticut, regardless of the time the branches are scheduled to open.

**Objection:** Defendant objects to providing confidential and proprietary information absent the parties agreeing to, and the Court adopting, a stipulation for the protection against disclosure of confidential, proprietary, or trade secret information. Defendant also objects to extent it seeks information outside Defendant's personal knowledge.

Defendant will make a reasonable effort to provide non-privileged information, if any exists, responsive to Interrogatory No. 16.





**Interrogatory No. 17:** List each property BankUnited has investigated, researched, scouted, or sought to lease or purchase in order to establish branch locations in New York, New Jersey, and Connecticut.

**Objection:** Defendant objects to this interrogatory to the extent it seeks information outside of Defendant's personal knowledge, and that it is information more appropriately sought by discovery Capital One has directed at BankUnited.

**Response:** Subject to the foregoing objections and Defendant's General Objections, Defendant responds as follows: Please see response to Interrogatory No. 16.

**Interrogatory No. 18:** Identify all individuals retained, engaged, or directed to investigate, research, scout, lease, or purchase potential locations for BankUnited branches in New York, New Jersey, or Connecticut.

**Objection:** Insofar as Defendant personally directed or engaged any such individuals, Defendant will respond. Defendant objects to the extent this interrogatory calls for information outside the scope of Defendant's personal knowledge. Defendant further objects on the ground that this interrogatory is duplicative of information sought from BankUnited by subpoenas, and it is BankUnited, not Defendant individually, who would have such responsive information.

**Response:** Subject to the foregoing objections and Defendant's General Objections, Defendant responds as follows: Defendant did not personally direct or engage any such individuals. BankUnited retained Kim Mogull of Mogull Realty to research and negotiate leases for locations for future BankUnited branches in New York City, all of which would begin operation only after the expiration of Defendant's Non-Competition Covenant.

Dated: February 2, 2012

Respectfully submitted,

*Stuart Singer /CS/*

David Boies
*Pro hac vice* motion to be filed
BOIES SCHILLER & FLEXNER LLP
333 Main Street
Armonk, New York 10504
Telephone: 914.749.8200
Fax: 914.749.8300
Email: dboies@bsfllp.com

Stuart H. Singer
*Pro hac vice*
BOIES SCHILLER & FLEXNER LLP

401 E. Las. Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: 954.356.0011
Fax.: 954.356.0022
Email: ssinger@bsfllp.com

Matthew W. Friedrich
*Pro hac vice*
David Ellis
Virginia Bar No.: 74860
BOIES SCHILLER & FLEXNER LLP
5301 Wisconsin Ave. N.W.
Washington D.C. 20015
Telephone: 202.274.1113
Fax: 202.237.6131
Email: mfriedrich@bsfllp.com

Local Counsel

James H. Rodio
James H. Rodio, PLC
Virginia Bar No. 20139
2121 Eisenhower Ave. Suite 300
Alexandria, Virginia 22314
Phone: 703-549-2288
Facsimile: 703-562-7011
Email: jimrodio@rodiolaw.com

*Attorneys for Defendants, John A. Kanas and John Bohlsen*

HIGHLY CONFIDENTIAL

Verification

I, John Kanas, declare under penalty of perjury that I have reviewed the foregoing responses and declare that the responses are true and correct to the best of my knowledge, information, and belief.

Executed on: February 2, 2012                    _____

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2012, a true and correct copy of the foregoing was served on all parties by electronic mail to the following counsel:

> Orin Snyder, *pro hac vice*
> GIBSON, DUNN & CRUTCHER LLP
> 200 Park Avenue
> New York, New York 10166-0193
> Telephone: 212.351.4000
> Fax: 212.351.4035
> osnyder@gibsondunn.com
>
> Jason C. Schwartz, Va. Bar No. 43635
> Michael Diamant, Va. Bar No. 65404
> GIBSON, DUNN & CRUTCHER LLP
> 1050 Connecticut Avenue, N.W.
> Washington, D.C. 20036
> Telephone: 202.955.8500
> Fax: 202.467.0539
> jschwartz@gibsondunn.com
> mdiamant@gibsondunn.com

*Attorneys for Capital One Financial Corp.*

_____