IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Capital One Financial Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>John A. Kanas and John Bohlsen,<br><br>        Defendants. | Civil Action No. 1:11-cv-750 (LO/TRJ) |

**PLAINTIFF CAPITAL ONE FINANCIAL CORPORATION'S RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

Plaintiff Capital One Financial Corporation ("Capital One"), by counsel, respectfully submits this Response to Defendants' Motion for Leave to File Documents Under Seal, and states as follows:

1. On December 6, 2011, this Court entered an Agreed Protective Order Without Sealing Provisions ("Agreed Protective Order") governing the use of confidential information in this litigation. Pursuant to Paragraph 11(e) of that order, Capital One and Defendants are required to "seek to file" "any pleadings or other papers that reference or contain" any materials designated as "Confidential" or "Highly Confidential—Outside Attorneys' Eyes Only" (collectively, "Protected Material") under seal.

2. On February 17, 2012, Capital One filed its Motion to Compel Interrogatory Responses. To comply with the Agreed Protective Order, Capital One filed the documents attached as Exhibits I, J, O, P, and S to the accompanying Declaration of Jacob S. Siler ("Siler Declaration") under seal because Defendants had designated those documents as Protected Material. Capital One filed the document attached as Exhibit K under seal only because it

referred to information contained in documents designated as Protected Material in Defendants' first supplemental interrogatory responses.  *See* Siler Decl. Exs. I, J.  In addition, Capital One redacted certain portions of its Memorandum in Support of Capital One's Motion to Compel Interrogatory Responses that referenced documents and information designated by Defendants as Protected Material.

3. Capital One took no position on whether its motion for leave to file these documents under seal should be granted, and Defendants have not yet filed a response to that motion.

4. On February 22, 2012, Defendants filed their Opposition to Capital One's Motion to Compel Interrogatory Responses.  Defendants filed the documents attached as Exhibits 1, 2, 3, 12, and 13 to the accompanying Declaration of Carlos Sires ("Sires Declaration") under seal, and redacted the portion of Defendants' Opposition to Capital One's Motion to Compel Interrogatory Responses that referenced Exhibit 3 to the Sires Declaration.  *See* Defs.' Opp. at 7 n.2.

5. Capital One takes no position on whether Defendants' designations of the documents attached as Exhibits 1, 12, and 13 to the Sires Declaration are proper or whether those documents should be filed under seal.

6. Exhibit 3 to the Sires Declaration is an excerpt from the transcript of the deposition of Lynn Carter, which was provisionally designated "Highly Confidential" to allow Capital One the opportunity to review the transcript and re-designate those portions that merit only a "Confidential" designation or no designation.  Capital One has now provided its re-designations to Defendants and has de-designated the excerpt attached as Exhibit 3 to the Sires Declaration.  Accordingly, Capital One has no objection to the public filing of (i) the excerpt attached as Exhibit 3 to the Sires Declaration or (ii) the unredacted version of Defendants'

Opposition to Capital One's Motion to Compel Interrogatory Responses which references this excerpt.

7. Exhibit 2 to the Sires Declaration is Capital One's First Amended Responses to Defendants' First Set of Interrogatories. This document contains information regarding the identity of Capital One's customers (page 22); the expenditures Capital One has incurred to respond to Defendants' unlawful competition in the Tristate Area (page 24); and Capital One's internal policies concerning restrictive covenants (pages 30-31), as well as information subject to a confidentiality agreement between Capital One and a third party (page 16). Capital One submits that, in these circumstances, the public's right of access is outweighed by Capital One's interest in protecting this confidential and commercially sensitive information from disclosure. *See, e.g., Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2002). As an alternative to filing this entire document under seal, however, Capital One respectfully requests that the document be publicly filed with limited redactions of the information described above, as reflected in the version of Capital One's First Amended Responses to Defendants' First Set of Interrogatories attached hereto as Exhibit A. *See Adams v. Object Innovation, Inc.*, No. 3:11-cv-272, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011) (holding that plaintiff's "proposal to redact only the proprietary and confidential information, rather than seal the entirety of his declaration, constitutes the least drastic method of shielding the information at issue").

                              Respectfully submitted,

Dated: February 23, 2012                  /s/ Jason C. Schwartz
                                                Orin Snyder, *pro hac vice*
                                                GIBSON, DUNN & CRUTCHER LLP
                                                200 Park Avenue
                                                New York, NY 10166-0193
                                                osnyder@gibsondunn.com
                                                Telephone:    212.351.4000
                                                Facsimile:     212.351.4035

                                                Jason C. Schwartz, Va. Bar No. 43635
                                                Howard S. Hogan, *pro hac vice*
                                                Michael S. Diamant, Va. Bar No. 65404
                                                GIBSON, DUNN & CRUTCHER LLP
                                                1050 Connecticut Avenue, N.W.
                                                Washington, DC 20036
                                                jschwartz@gibsondunn.com
                                                hhogan@gibsondunn.com
                                                mdiamant@gibsondunn.com
                                                Telephone:    202.955.8500
                                                Facsimile:     202.467.0539

                                                James A. Murphy, Va. Bar No. 35380
                                                MURPHY & McGONIGLE
                                                4870 Sadler Road, Suite 301
                                                Glen Allen, VA 23060
                                                jmurphy@mmlawus.com
                                                Telephone:    804.762.5330
                                                Facsimile:     804.762.5360

                                                *Attorneys for Plaintiff Capital One Financial Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of February, 2012, I will electronically file the foregoing with the Clerk of the Court for the Eastern District of Virginia using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

James H. Rodio
James H. Rodio PLC
2121 Eisenhower Avenue
Suite 300
Alexandria, VA 22314
jimrodio@rodiolaw.com

/s/ Jason C. Schwartz
Jason C. Schwartz, Va. Bar No. 43635
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
jschwartz@gibsondunn.com
Telephone:    202.955.8500
Facsimile:    202.467.0539