# APPENDIX C

# Declaration of John Bohlsen

In Support of Motion of Defendants
Kanas and Bohlsen for Summary Judgment

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Capital One Financial Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:11-CV-750 (LO/TRJ) |
| ) | |
| John A. Kanas and John Bohlsen, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DECLARATION OF DEFENDANT JOHN BOHLSEN IN SUPPORT OF
MOTION OF DEFENDANTS KANAS AND BOHLSEN FOR SUMMARY JUDGMENT**

I, John Bohlsen, declare as follows:

1. I am over the age of 18 and make the statements set forth herein based on my own personal knowledge. I respectfully submit this Declaration in support of the Motion of Defendants Kanas and Bohlsen for Summary Judgment, filed with this Court on April 6, 2012. I am a Defendant in this suit, which was filed by Capital One Financial Corporation ("Capital One").

2. On March 12, 2006, I executed a Restricted Share Agreement ("RSA") with Capital One that was contingent on a merger between Capital One and North Fork Bancorporation Inc. ("North Fork") and the transfer my interest in North Fork to Capital One. The agreement attached to the First Amended Complaint as Exhibit B is a true and accurate copy of the RSA I executed.

3. On December 1, 2006, Capital One acquired North Fork in a stock and cash transaction valued at approximately $13.2 billion. As of the merger, I had served on the North Fork Board of Directors as Vice Chairman for approximately 15 years.

1

4. As of the record date for the 2006 acquisition, and as reported in the Proxy Statement Pursuant to Section 14(a) of the Securities Exchange Act of 1934 (July 11, 2006) at 116-117, I held less than 1% (2,325,984 shares) of North Fork's total outstanding shares.

5. When the Capital One merger closed in December 2006, I became a Capital One employee.

6. In July 2007, Capital One and I agreed to end our employment relationship. At the time, I was Executive Vice President of Commercial Banking.

7. On July 9, 2007, Capital One and I entered into a Separation and Transition Advisory Services Agreement (Ex. 1, the "Separation Agreement"). The agreement attached to the First Amended Complaint as Exhibit D is a true and accurate copy of the Separation Agreement I executed.

8. I am now the Executive Vice President and Chief Lending Officer of BankUnited, Inc., and Chief Lending Officer and Vice Chairman of the Board of Directors of its wholly owned subsidiary BankUnited, N.A ("BankUnited"). With respect to stock ownership, I own less than three percent of the stock of BankUnited, Inc.

9. In May 2009, BankUnited acquired from the FDIC a total of ▮ mortgage loans with an outstanding balance of about ▮ that were secured by property in New York, New Jersey, or Connecticut (the "Tri-State Area"). This was approximately ▮ in value of the total mortgage loan portfolio acquired from the FDIC. I have had no personal involvement with these acquired loans.

10. BankUnited has also acquired on the secondary market a portfolio of ▮ real estate loans, ▮ of which, with an outstanding balance of about ▮, were secured by

property in the Tri-State Area. BankUnited did not originate these loans. I have had no personal involvement with these loans.

11.   BankUnited, like most banks around the country, accepts deposits from customers residing in the Tri-State Area. As of December 2011, ▮▮▮ of the total amount in deposit accounts at BankUnited's Florida branches were held by customers who listed a primary address in the Tri-State Area. I have had no personal involvement with these accounts.

12.   In October 2010, BankUnited, Inc, formed a subsidiary, United Capital Business Lending, Inc. ("United Capital") which then acquired certain of the assets of a company located in Maryland that engaged in making equipment loans to franchisees across the United States. In December 2010, United Capital had outstanding loans totaling about ▮▮▮▮▮▮. Of this total, ▮▮▮▮▮▮ were secured by equipment located in the Tri-State Area. United Capital is run by its President, Bernard Lajeunesse, who reports to me. I sit on United Capital's board of directors. John Kanas is not a member of the United Capital board.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

4-6-12
Date

John Bohlsen

# Exhibit 1

# (Filed Under Seal)

Bohlsen Declaration