# EXHIBIT #7

# (Redacted Exhibit)

# Singer Declaration

Page 1

```
 1

 2   IN THE UNITED STATES DISTRICT COURT

 3   FOR THE EASTERN DISTRICT OF VIRGINIA

 4   ALEXANDRIA DIVISION

 5   - - - - - - - - - - - - - - - - - - - - - x

 6   CAPITAL ONE FINANCIAL CORPORATION,

 7          Plaintiff,

 8      -against-

 9   JOHN A. KANAS and JOHN BOHLSEN,

10          Defendants.

11   - - - - - - - - - - - - - - - - - - - - - x

12

13          HIGHLY CONFIDENTIAL

14          Videotaped oral deposition of
     MICHAEL SLOCUM, taken pursuant to
15   notice, was held at the law offices of
     GIBSON, DUNN & CRUTCHER LLP, 200 Park
16   Avenue, New York, New York, commencing
     February 14, 2012, 9:53 a.m., on the
17   above date, before Leslie Fagin, a Court
     Reporter and Notary Public in the State
18   of New York.

19              - - -

20

21

22
            MAGNA LEGAL SERVICES
23       1200 Avenue of the Americas
          New York, New York 10026
24             (866) 624-6221

25
```

Page 230

1  M. Slocum
2  conclusion.
3    A.  Again, I could only go back to the
4  document and say that the act of managing or
5  acquiring consumer commercial banking
6  products, and I consider mortgage loans, a
7  consumer banking product is a violation of
8  the agreement in the tristate's area.  That's
9  my view.
10   Q.  Do you consider auto loans to be a
11 consumer banking product?
12   A.  I do.
13   Q.  Do you consider credit cards to be
14 a consumer banking product?
15   A.  Yes.
16   Q.  And to you, a portfolio of loans
17 that sold on the secondary market where
18 someone else originated the loan is no
19 different than if you were to go into the New
20 York market and open up a branch and seek to
21 make loans directly into those locations?
22     MR. HOGAN:  Objection to the form,
23   to the extent it calls for a legal
24   conclusion.

Page 231

23   Q.  Just so --
24   A.  Acquire, pursue or manage business
25 in that market.

Page 232

1  M. Slocum
2    Q.  So for Bank United to acquire a
3  second mortgage portfolio, even if that one
4  loan in that portfolio that may be millions
5  of dollars of loans involves a real estate
6  loan for a homeowner in New Jersey, in your
7  view, that would be improper?
8       MR. HOGAN:  Objection, to the
9    extent it calls for a legal conclusion
10   and it's an incomplete hypothetical.
11   A.  Secondary mortgages?
12   Q.  Yes, in the market.
13   A.  You're talking about second liens
14 on houses, home equity loans?
15   Q.  I'm talking secondary market.
16     Let me frame the question again,
17 since we're talking about the secondary
18 market.
19     Do you believe it would be a
20 violation of Kanas and Bohlsen's noncompete
21 meet agreement for Bank United to acquire a
22 portfolio of real estate loans in the
23 secondary market if -- that may involve
24 millions of dollars of loans, so long as
25 there is a single real estate loan for a home

Page 233

1  M. Slocum
2  owner in New Jersey in that portfolio?
3       MR. HOGAN:  Objection.  Calls for a
4    legal conclusion.  Incomplete
5    hypothetical.
6       You can answer, if you can.

15   Q.  It would, similarly, be a
16 violation, I think you mentioned restaurant
17 equipment, if Bank United acquired United
18 Capital.
19     By the way, you became aware of the
20 fact that Bank United acquired United Capital
21 back when it happened?
22     MR. HOGAN:  Objection to form.
23   A.  I think it acquired somebody and
24 changed the name.
25   Q.  Certain of the assets of Butler

Page 350

```
 1
 2             - - -
 3      DEPOSITION SUPPORT INDEX
 4             - - -
 5   Direction to Witness Not to Answer
     Page Line   Page Line    Page Line
 6   None
 7             - - -
 8   Request for Production of Documents
     Page Line   Page Line    Page Line
 9   None
10             - - -
11   Stipulations
     Page Line   Page Line    Page Line
12   None
             - - -
13
     Questions Marked
14   Page Line   Page Line    Page Line
     None
15             - - -
16
17
18
19
20
21
22
23
24
25
```

Page 351

```
 1
 2             CERTIFICATE
 3
         I HEREBY CERTIFY that the witness
 4   was duly sworn by me and that the deposition
     is a true record of the testimony given by
 5   the witness.
 6   _____
        Leslie Fagin,
 7      Registered Professional Reporter
        Dated:  February 14, 2012
 8
 9
10
         (The foregoing certification of
11   this transcript does not apply to any
12   reproduction of the same by any means, unless
13   under the direct control and/or supervision
14   of the certifying reporter.)
15
16
17
18
19
20
21
22
23
24
25
```

Page 352

```
 1
 2        ACKNOWLEDGMENT OF DEPONENT
 3
            I,               , do hereby
 4   certify that I have read the foregoing pages,
     and that the same is a correct transcription
 5   of the answers given by me to the questions
     therein propounded, except for the
 6   corrections or changes in form or substance,
     if any, noted in the attached Errata Sheet.
 7
 8
 9   WITNESS NAME              DATE
10
11   Subscribed and sworn
     to before me this
12       day of              , 2011.
13   My commission expires:
14
     Notary Public
15
16
17
18
19
20
21
22
23
24
25
```

Page 353

```
 1
 2             - - - - - -
               E R R A T A
 3             - - - - - -
     PAGE  LINE  CHANGE
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Magna Legal Services